No. 52.—Oliver H. Lee and others, plaintiffs in error, *vs.* Alonzo D. Brown and others, defendants.

[1.] Where B executed a deed of assignment of his property to C for the benefit of certain creditors, which was void by the Act of 1818, and subsequently executed a mortgage of the same property to secure the payment of a *bona fide* debt: *Held*, that the mortgagees, as *creditors*, might avoid the first conveyance, and have the proceeds of the property mortgaged applied to the payment of their mortgage debt; that as against them, the first conveyance was, in Law, a nullity.

Motion, in Newton Superior Court. Decided by Judge Floyd, March Term, 1849.

On the 31st day of December, 1847, Alonzo D. Brown executed a deed of assignment to all of his property, for the benefit of his creditors, for the provisions of which deed at large, *see ante, Brown vs. Lee, page* 267.

On the next day, January 1st, 1848, Brown executed a mortgage to Noah Phillips and Phillips & Dearing, favored creditors, (who were also the first to be satisfied under the assignment) covering the same property included in the assignment; which assignment they had not accepted or assented to.

On the 3d day of January, 1848, Oliver H. Lee, and other creditors, sued out attachments, which were levied upon the same property.

By consent of all the creditors, the property was sold by the Sheriff, and the money retained to be distributed by order of the Court.

Upon a motion to distribute, the funds were claimed by the attachment creditors, the mortgage creditors, and the creditors claiming under the assignment.

The Court ordered the fund to be paid first to the extinguishment of the mortgage *fi. fas.* and then to the attachments, according to their priority.

To which order, the attachment creditors excepted, and alleged the same to be erroneous, on the ground that the assignment made 31st December, 1847, though void as against creditors, was valid as against the assignor, who consequently had no title or interest in the property upon which he could create a mortgage lien, and that the mortgage was therefore void.

W. C. DAWSON and THOS. N. JONES, for plaintiffs in error.

WILLIAMSON and STARK, for defendants.

*By the Court*—WARNER, J. delivering the opinion.

[1.] The deed of assignment from Brown to Clark, we have already decided during the present term, was within the Act of 1818, and void as to creditors. The contest for the money is now between the mortgage creditors of Brown and the attachment creditors. The mortgage bears date *prior* to the levy of the attachments. In *Davis vs. Anderson*, (1 *Kelly*, 192,) this Court held that a debtor in insolvent circumstances, had the right to execute a mortgage to a creditor, to secure the payment of a *bona fide* pre-existing debt; and that the execution of such mortgage would not *per se*, be fraudulent, as against creditors, within the intent and meaning of the Act of 1818; so there was no *trust* reserved for the benefit of the mortgagor. The argument against the right of the mortgagees to the money here is, that Brown, the mortgagor, before he executed the mortgage, had conveyed all his title and interest in the property mortgaged to Clark, for the benefit of certain creditors who had assented to the same, and therefore, the mortgagees acquired no lien on the property mortgaged; that Brown had no title to the property in him, to convey to the mortgagees, at the time the mortgage was executed.

This argument proves too much; for if it is conclusive as to the fact, that Brown had *no title* to the property at the time the mortgage was executed, upon what principle is it, that the attaching creditors, whose attachments were subsequently levied, seek to subject the property to their attachment liens, as *the property of Brown?* The conveyance from Brown to Clark, executed on the 31st December, 1847, being within the provisions of the Act of 1818, was, in the language of that Act, *null* and *void*, and *fraudulent, as against creditors.* *Prince*, 165. Phillips & Dearing are admitted to have been *bona fide* creditors of Brown. On the 1st January, 1848, the mortgage of the property is executed to them. They did not assent to the assignment made to Clark, but so far as we may judge from their acts, repudiated it. On the 3d January, 1848, the attachments were levied. Phillips & Dearing being *creditors* of Brown, the conveyance to Clark of the property, by Brown, was, as to them, a *nullity*, according to the provisions of the Act of 1818, and they had the legal right to treat it as such. Will any one doubt, that if Phillips & Dearing had proceeded to foreclose their mortgage, and levied upon the property conveyed to Clark, by Brown, and it had been claimed by Clark under the conveyance, that it would not have been found subject to the mortgage? It was said, on the argument, that the conveyance was good as against Brown himself, and that to give the mortgage effect, would be to enable Brown to avoid his conveyance to Clark, by his *own act.* The answer is, that the conveyance to Clark, by Brown, was *fraudulent* and *void in law*, as against Phillips & Dearing, *his creditors.* The mortgage was a conveyance *authorized* and *protected by law.* The *law* avoided the one conveyance, and protects the other. In *Anderson vs. Roberts*, (18 *John. Rep.* 527,) it was held, that as against the grantor, the fraudulent conveyance is effectual under the Statute of 13 *Elizabeth*, that the title to the property vested in the fraudulent grantee, subject to be *divested*, if the creditors see fit to call in question the *fraudulent conveyance.* Phillips & Dearing, as the creditors of Brown, now see fit to call in question the conveyance from Brown to Clark, which the Act of 1818 declares is *null* and *void*, and *fraudulent*, as against them. The mortgage being of prior date to the attachment liens, is entitled to be first satisfied.

Let the judgment of the Court below be affirmed.