## J. A. COVINGTON *v.* A. G. MAYERS.

1. DEBTOR AND CREDITOR. *Conveyance, when former insolvent. Payment of debt.*
   A conveyance of land by the assignee of an insolvent debtor to a creditor of such debtor, in payment of a valid debt, is good against the debtor's other creditors.

2. SAME. *Debtor an insolvent corporation. Creditor a stockholder.*
   And the fact that such debtor is a corporation and the creditor a stockholder therein does not affect the validity of the conveyance.

APPEAL from the Chancery Court of Rankin County.

HON. T. B. GRAHAM, Judge.

On the 1st day of January, 1879, the Rankin County Savings Institution, being unable to continue business longer, made an assignment to Peter Fairly, as assignee and trustee, purporting to be for the benefit of its creditors. On the 3d of November, 1879, Fairly, as such assignee, sold and conveyed to A. G. Mayers a certain tract of land, valued at two thousand five hundred dollars in United States currency, for the consideration of ten thousand dollars in evidence of indebtedness of the savings institution. And on the next day J. M. Jayne, as cashier of the savings institution, upon the same consideration conveyed the same property to Mayers. At the time of the assignment Mayers was a stockholder in the savings institution. On the 1st of January, 1882, the assignee made a final distribution of the assets of the savings institution, paying a dividend of fourteen per cent. on the claims of all the creditors except that of J. A. Covington.

On the 31st of October, 1883, Covington recovered judgments against the Rankin County Savings Institution for about four thousand dollars upon certificates of deposit held by him before and at the time of the assignment. Executions issued under these judgments were levied upon the land bought by Mayers, as above stated, and to prevent the sale of the same Mayers filed the bill in this case against Covington and the sheriff who levied the executions, and obtained an injunction against the threatened sale. Covington answered the bill, charging that the assignment to

Fairly was made with intent to hinder, delay, and defraud the creditors of the savings institution, and that upon its face it is fraudulent and void as to creditors, and averring that Fairly's deed to Mayers was void because he had no title to convey, and that Jayne's deed to Mayers was void because fraudulent, voluntary, and without consideration, and because he had no authority to make it. After having filed his answer Covington made a motion to dissolve the injunction, which, being heard upon pleadings and proof, was overruled, and he appealed to this court.

*Miller & Conn* and *Joe Purser*, for the appellant.

We claim for Covington that the assignment and deeds from Fairly and Jayne to appellee are fraudulent and void, and that the lands in controversy are subject to sale under the executions, and hence that the injunction should have been dissolved. .

Is Jayne's deed to Mayers valid ?

Assuming, however, that Jayne was authorized to make it, we insist that not only he but the trustees also abandoned all authority to further convey when they made the assignment. If they intended to make a valid assignment, then they intended and did, so far at least as the corporation and Jayne were concerned, put all the property beyond their control and power. Field on Corporations, p. 213, § 195 ; Story on Agency, §§ 462, 481, 482.

Mayers being no creditor, but both a debtor and trustee of the corporation, will be held to his assignment and not permitted to repudiate his own act as fraudulent (because the assignment is good if not fraudulent), and say now that I will hide behind the rights of the assenting creditors, or claim what it would be a strain for a disinterested innocent purchaser to claim, viz. : that Jayne's deed is good.

Jayne's deed is without consideration and voluntary.

*McLaurin & McLaurin*, for the appellee.

As to Jayne's deed to Mayers being without consideration, counsel can hardly be serious. Mayers paid the worth of the property to the creditors of the institution, and in consideration of this payment he got the institution's deed to the property. If the assignment was valid he got it through that ; if the assignment was

not valid he got it through Jayne. In either case the consideration was the same. The money was paid for a title to the land.

Mayers ought to be treated like any other purchaser. His having been a stockholder in the institution ought not to affect his legal rights. The institution was one person—an artificial person —and he another, as separate and apart as if they had had no business with each other.

The result of these conveyances is that this piece of land was, before there was any lien upon it, applied to the payment of a debt against the institution, and that at a fair value for the property. This the debtor had a right to do. Bump. 21, 186 ; 58 Miss. 599.

*R. H. Thompson,* on the same side.

Jayne's deed is certainly good, having been made in pursuance of authority, and having been made and recorded before Covington obtained a judgment lien.

But now it is I invoke the rule asserted by opposite counsel and cite to their authorities. A deed void in part is void *in toto.* If the assignment was void, as contended, by no sort of legerdemain can it be held to have deprived the bank or its officers of the powers conferred by the charter or by-laws.

Jayne was authorized to execute the deed at the time he made it. It needs no argument or citation of authority to show that the deed was on valid consideration. True, nothing was paid by Mayers to Jayne at the time, but Mayers had previously paid largely for the property.

CAMPBELL, J., delivered the opinion of the court.

Conceding the invalidity of the assignment because of provisions in it sufficient to condemn it when assailed by creditors, the appellant was properly restrained from obtaining satisfaction of his executions by a sale of the land the appellee had purchased of the assignee.

The appellee was a creditor of the assignor (made such by his purchase of ten thousand dollars of the liabilities of the assignor with which to buy the land), and in purchasing the land for his claim merely obtained the satisfaction of his demand, to which he

was entitled and might have obtained by legal proceedings, and which he should not be deprived of because accomplished without resort to such proceedings. *Agricultural Bank* v. *Dorsey,* 1 Freem. Ch. 338 ; *Brown & Co.* v. *Webb,* 20 Ohio 389 ; *Webb* v. *Brown,* 3 Ohio St. 246 ; *Boyd* v. *Brown,* 17 Pick. 453 ; *Frost* v. *Goddard,* 25 Me. 414 ; *Stark* v. *Ward,* 3 Pa. St. 328 ; *Lee* v. *Brown,* 7 Ga. 275 ; *Pratt* v. *Cox,* 22 Grat. 330.

*Affirmed.*